**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lileth Scott,<br>Plaintiff,<br>v.<br>Ur M Jaddou, et al.,<br>Defendants. | No. CV-25-03395-PHX-JZB<br>**ORDER** |

Pending before the Court is Plaintiff's Complaint (doc. 1) and Defendants' Motion to Dismiss (doc. 24).[1] Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (*Id.*) Plaintiff did not respond to the Motion to Dismiss. Although the Court finds that it has subject matter jurisdiction over the case, the Court will grant Defendants' Motion to Dismiss pursuant to LRCiv 7.2(i) and because Plaintiff has failed to state a plausible claim of unreasonable delay under the Administrative Procedure Act ("APA").

## I. Background.

On February 12, 2025, Plaintiff filed her initial Complaint with the U.S. District Court for the District of Columbia. (Doc. 1.) Plaintiff alleges causes of action under the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. (*Id.* at 4–5.) She asks this Court to order the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate

[1] All parties have consented to Magistrate Judge jurisdiction in this action. *See* (doc. 20.)

her immigration petitions. (*Id.* at 6.)

Plaintiff is a resident of the United States and has applied for adjustment of statutes to a lawful permanent resident under the Violence Against Women Act of 1994 ("VAWA") after experiencing "severe emotional and physical abuse by her U.S. citizen spouse." (*Id.* at 3.) She submitted the necessary applications to USCIS on November 21, 2022. (*Id.* at 2.) Specifically, she filed a Form I-360, Petition for Special Immigrant, and a Form I-485, Application to Adjust Status, as well as a Form I-765, Application for Employment Authorization. (*Id.* at 2.) Her category (c)(9) Form I-765, which grants work authorization to individuals who have a pending Form I-485, was approved on August 21, 2023.[2] (Doc. 24 at 2.) USCIS has yet to review the I-360 or I-485 Forms.

On August 18, 2025, the Defendants filed a Consent Motion to Transfer, requesting the case be transferred to the District of Arizona. (Doc. 9.) They argued that the case could have been brought in the District of Arizona as required under 28 U.S.C. § 1404(a), and would be more conveniently handled in the District of Arizona. (*Id.* at 5–8.) On August 20, 2025, the D.C. court granted the order, transferring the case to the District of Arizona. (Doc. 11.)

On December 30, 2025, the Defendants filed the present Motion to Dismiss. (Doc. 24.) They argue first that the Court lacks subject matter jurisdiction over the case because there is no statutorily-mandated timeframe to adjudicate such applications. (*Id.* at 6.) Alternatively, they argue that there has not been any unreasonable delay because the delay is within the average processing times for such applications. (*Id.* at 10.) On February 10, 2026, this Court, *sua sponte*, provided Plaintiff more time to respond. (Doc. 25.) The Court advised that a lack of response could be taken as consent pursuant to LRCiv 7.2(i). (Doc. 25 at 2.) To date, Plaintiff has not responded.

## II. Legal Standard.

### a. Rule 12(b)(1).

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise

---

[2] Plaintiff's work authorization expired on August 20, 2025. (Doc. 24 at 2.)

jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (internal quotations omitted). A party asserting that jurisdiction exists bears the burden of establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). If the Court determines it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**b. Rule 12(b)(6).**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *E.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating a Rule 12(b)(6) motion, the court must accept material complaint allegations as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A complaint does not need to have detailed factual allegations, but it must have more than a "the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678.

## III. Analysis.

**a. Plaintiff Failed to Respond to Defendants' Motion to Dismiss.**

Plaintiff did not respond to Defendants' Motion to Dismiss. On February 10, 2026, this Court issued an Order *sua sponte* granting Plaintiff additional time to respond to the

Motion, moving the deadline from January 29, 2026, to February 24, 2026. (Doc. 25 at 1–2.) The Court also advised Plaintiff that it may treat her failure to respond as consent to granting the Motion pursuant to LRCiv 7.2(i), which states:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

Despite the grant of extra time and notice regarding LRCiv 7.2(i), Plaintiff still has not filed a response.

Under LRCiv 7.2(i), the Court may, in its discretion, treat the failure to respond to Defendants' Motion to Dismiss as consent to the granting of that Motion without further notice, and the Court may enter judgment dismissing this action. *See Brydges v. Lewis*, 18 F.3d 651, 652–53 (9th Cir. 1994) (per curiam) (deeming plaintiff's failure to respond to defendants' motion as consent to defendants' motion pursuant to local rules). This Court is exercising that discretion here and considering the failure to respond as consent to the motion.

Because Plaintiff has not opposed Defendant's Motion to Dismiss despite being granted additional time and warned that such failure could be taken as consent, the Court will grant the Motion.

**b. This Court Has Jurisdiction.**

Plaintiff seeks relief under both the Mandamus Act and the APA. (Doc. 1 at 4–5.) Because the asserted claims are the same under both the Mandamus Act and the APA, and Plaintiff has an adequate remedy under the APA, the Court elects to address only the APA claim. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) ("Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, we may elect to analyze the APA claim only.") (cleaned up); *see also Adiele v. Noem*, 2025 WL 2659873, at *3 (D. Md. Sept. 17, 2025).

Generally, the APA does not provide an independent basis for federal subject matter jurisdiction. *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). However, the APA requires agencies to conclude matters presented to it "within a reasonable time." 5 U.S.C. § 555(b). Accordingly, the APA grants federal courts the power to review claims alleging that agency action has been unreasonably delayed, and to compel such action. 5 U.S.C. § 706(1); *see Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021). Further, USCIS is required to adjudicate VAWA petitions. 8 U.S.C. § 1154(b); *see Patel v. Jaddou*, 2023 WL 9546656, at *2–3 (C.D. Cal. Dec. 26, 2023).

Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiff's claims because the cause of action under § 706(1) only applies to actions clearly required by law. (Doc. 24 at 7.) Defendants assert that there is no statutory timeframe for when VAWA applications must be reviewed. (*Id.* at 9.) Rather, they contend the timeframe is entirely within the discretion of USCIS. (*Id.* at 9–10.) And, Defendants assert, discretionary action cannot be compelled under § 706(1) unless that action is demanded by law, which the time to review a VAWA application is not. (*Id.* at 9.)

Courts have consistently rejected this exact argument. *See, e.g.*, *Vaz*, 33 F.4th at 1135; *Plaskett*, 18 F.4th at 1082 ("Any deficiencies as to the APA claim go to the merits of that cause of action rather than to the subject matter jurisdiction of the court to consider it."); *Patel*, 2023 WL 9546656, at *3 ("Contrary to Defendant's argument, adjudication of VAWA petitions is not a discretionary act that the Court lacks jurisdiction to review under the APA."). Although there is no statutory timeframe within which a VAWA petition must be adjudicated, USCIS has a non-discretionary duty to adjudicate such petitions. *Patel*, 2023 WL 9546656, at *3; *Adiele*, 2025 WL 2659873, at *4. Thus, the Court *can* compel such action if it has been unreasonably delayed, and as such has subject matter jurisdiction over Plaintiff's APA claim pursuant to § 706(1) and 28 U.S.C. § 1331. *See Plaskett*, 18 F.4th at 1082 n.5. Accordingly, the Court has subject matter jurisdiction over this case.

**c. Plaintiff Does Not State a Cognizable Legal Theory.**

Although the Court has subject matter jurisdiction over Plaintiff's claims, the

Complaint is nevertheless subject to dismissal under Rule 12(b)(6) because Plaintiff has not plausibly alleged unreasonable delay. Plaintiff alleges that Defendants have "unlawfully withheld Plaintiff's right to reasonable processing times . . . by failing to properly adjudicate" her I-360 and I-485 Forms, and seeks relief under § 706(1).[3] (Doc. 1 at 4–5.)

To determine whether agency action is unreasonably delayed under the APA, courts in the Ninth Circuit generally apply the six factors laid out in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984). *See, e.g.*, *Vaz*, 33 F.4th at 1137–38; *Kayiranga v. Mayorkas*, 2025 WL 4036696, at *7–8 (D. Ariz. Aug. 29, 2025). The "*TRAC*" factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz*, 33 F.4th at 1137 (quoting *TRAC*, 750 F.2d at 80).

Defendants argue that all six factors weigh in their favor. (Doc. 24 at 10–16.) Plaintiff does not address the *TRAC* factors in her Complaint. *See generally* (doc. 1.) As such, she has failed to raise a genuine dispute about whether USCIS's delay is unreasonable. *See Vaz*, 33 F.4th at 1137–38. Even if she had raised such a dispute, the Court finds it still would have been insufficient to raise a legitimate claim of unreasonable delay under the APA at this time.

As to the First and Second factors, Plaintiff has simply stated the length of delay as to her applications. *See* (Doc. 1 at 2.) Factors One and Two are often considered together

[3] Plaintiff further alleges that "Defendants also deprive Plaintiff to her right to choose a legal representative by failing to accept and confirm the five-time Form G-28." (Doc. 1 at 5.) However, she does not request relief on this ground. Accordingly, the Court declines to address it.

and ask generally whether the delay itself is within a reasonable amount of time. *See Tareque v. Bitter*, 2024 WL 3914507, at *5 (C.D. Cal. Aug. 13, 2024); *Vaz*, 33 F.4th at 1138. The "first in, first out" basis for adjudicating VAWA petitions is generally considered a rule of reason. *Kamath v. Campagnolo*, 2021 WL 4913298, at *3 (C.D. Cal. Aug. 13, 2021). At the time she filed her Complaint, Plaintiff had been waiting on the adjudication of her applications for about 2.25 years. (Doc. 1 at 4.) To date, she has been waiting about 3.25 years. This falls short of the delay courts generally consider unreasonable, especially in light of the average processing times for VAWA applications. *See, e.g.*, *Ortiz v. U.S. Dep't of State*, 2023 WL 4407569, at *8 (D. Idaho July 7, 2023) ("Generally, courts have found immigration delays in excess of five, six, and seven years are unreasonable, while those between three to five years are often not unreasonable.") (cleaned up). *But see Vaz*, 33 F.4th at 1138 (assuming without deciding that a delay of four years tips the first factor in Plaintiff's favor). At this time, the Court declines to find that the delay in Plaintiff's case is unreasonable, and as such finds that the first two factors weigh in favor of dismissal.

The Third and Fifth factors are generally considered together as both concern human health and welfare interests. *Tareque*, 2024 WL 3914507, at *5. The Court is sympathetic to the frustration that the delay has caused Plaintiff, but since she has not alleged the delay has impacted her health or welfare, or caused her prejudice, the Court finds these factors weigh in favor of dismissal. Because granting relief would simply result in additional delay for other VAWA applicants, and the Court finds no impropriety on the part of Defendants, the Fourth and Sixth factors similarly weigh towards dismissal.

Overall, balancing the *TRAC* factors indicates Plaintiff's claim of unreasonable delay would have failed even if she had raised such an argument. Thus, the Court holds that Plaintiff has failed to adequately state a claim for relief under the APA on grounds of unreasonable delay.

**IV. Conclusion.**

In sum, the Court will grant Defendants' Motion to Dismiss pursuant to LRCiv

7.2(i), and on the merits because Plaintiff has failed to state a plausible claim of unreasonable delay under the APA. The dismissal is without prejudice, such that Plaintiff may bring a future action if additional facts establishing unreasonable delay arise, such as if the delay persists. *See Kayiranga*, 2025 WL 4036696, at *9–10. Additionally, because the deficiencies contained within Plaintiff's Complaint could not be cured through the pleading of additional facts *at this time*, the Court will not grant leave to amend. *Id.*

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (doc. 24) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for failure to state a claim is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 12th day of March, 2026.

Honorable John Z. Boyle
United States Magistrate Judge